IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TY A. BOLLERUD,

                Plaintiff,

v.

CITY OF JANESVILLE GOV., MARK FREITAG,
WALD KLIMCZYK, JENNIFER PETROZZELLTO,
and KELLY BEDESSEM,

                Defendants.

OPINION and ORDER

20-cv-882-jdp

---

    Plaintiff Ty A. Bollerud, appearing pro se, alleges that officials in the city of Janesville government improperly ordered his home to be razed and did not compensate him for it. Bollerud seeks leave to proceed in forma pauperis with his case, and the court previously allowed him to proceed without any prepayment of the filing fee.

    The next step is for me to screen Bollerud's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    Bollerud's complaint is somewhat difficult to follow, but I take him to be saying that city of Janesville officials ordered his house to be razed without a recorded vote and without giving him proper compensation. A letter that Bollerud attaches to his complaint, Dkt. 1-1, and my review of Wisconsin court records shows that a state circuit court issued an order

authorizing the city to raze a building owned by Bollerud as unfit for human habitation under Wis. Stat. § 66.0413(1)(b)1. after he failed to comply with a "raze or repair" order.[1] *See Janesville v. Bollerud,* No. 2018AP1429, slip op. (Wis. Ct. App. Mar. 4, 2020). It's unclear whether the city has followed through on razing the house yet: the state-court docket shows that as of October 6, the house had not yet been razed.

I will dismiss this case because Bollerud fails to state a claim upon which relief may be granted. If Bollerud wants me to undo the state court's order authorizing the city to raze his house, I cannot grant him that relief. Bollerud is barred from challenging adverse state-court judgments in this court by the *Rooker–Feldman* doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations." *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 482 n.16 (1983)). The doctrine "is based upon recognition of the fact that inferior federal courts generally do not have the power to exercise appellate review over state court decisions." *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir. 1996).

Bollerud says that he wants money damages for the city taking his property without compensation, which I construe as a claim under the Takings Clause of the Fifth Amendment to the United States Constitution; that clause prohibits the government from taking a person's property for public use without just compensation. But courts have made clear that a government doesn't violate the Takings Clause when it fails to compensate someone for

---

[1] The state circuit court docket is available at https://wcca.wicourts.gov.

evicting them from an uninhabitable building or knocking the building down. *See Devines v. Maier*, 728 F.2d 876, 885–86 (7th Cir. 1984) (citing *Texaco, Inc. v. Short*, 454 U.S. 516, 530 (1982) (noting "this Court has never required the State to compensate the owner for the consequences of his own neglect"); *Hendrix v. Plambeck*, 420 F. App'x 589, 592 (7th Cir. 2011) ("The building was a nuisance, and when Ramsey and then Hendrix refused to fix it, the City had to have it razed. Their neglect does not entitle Hendrix to compensation."). So Bollerud doesn't state a takings claim.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Ty A. Bollerud's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered October 19, 2020.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge